IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,       ) | |
|     Plaintiff,                                      ) | |
| v.                                                           ) | CIVIL ACTION NO. 11-00157-KD-C |
|                                                         ) | |
| MECHEALL H. BRACY,                       ) | |
|     Defendant.                                  ) | |

**ORDER**

This matter is before the Court on the Plaintiff United States of America ("the Government")'s motion for entry of default judgment. (Doc. 6). The Government seeks entry of a default judgment against Defendant Mecheall H. Bracy ("Bracy") on the grounds that he has failed to plead, answer or otherwise defend in this case.

**I.    Background**

The Government initiated this litigation on April 1, 2011 by filing a Federal Debt Collection Procedures Act of 1990, Title 28, United States Code, Section 3001(a) ("FDCPA") Complaint against Bracy for his indebtedness pursuant to a Promissory Note in the principal amount of $60,947.37 plus $16,988.62 in interest.[1]   (Doc. 1).

On July 12, 2011, the Government filed an application to the clerk of court for entry of a default against Bracy. (Doc. 4). The record indicates that the Government served Bracy with a copy of the application for entry of default. (Doc. 4 at 2).

As grounds for the application for entry of default, the Government asserted that even

---

[1] On May 17, 1999, Bracy executed a Promissory Note to secure a Direct Consolidation loan from the U.S. Department of Education. (Doc. 1-1 "Certificate of Indebtedness").

though service of process was obtained upon Bracy on April 17, 2011 (Doc. 3),[2] Bracy failed to answer or otherwise defend against the complaint. The Government attached a Declaration of counsel, pursuant to 28 U.S.C. § 1746 in support of the application. (Doc. 4 at 1; Doc. 4-1 (Decltn. G.Moore)).

On July 15, 2011, the Clerk entered a default against Bracy for failure to plead or otherwise defend. (Doc. 5). The docket sheet indicates that a copy of the entry of default order was mailed to Bracy. (Id.)

Also on July 15, 2011, the Government simultaneously filed the present motion for entry of default judgment (Doc. 6) requesting judgment against Bracy. The record indicates that the Government served Bracy with a copy of its motion.

The motion for default judgment states that it is filed pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. The motion contains information about the Government having obtained a default against Bracy, and attaches a Declaration in support of same (the Government's counsel's Declaration pursuant to 28 U.S.C. § 1746 of Amount Due). (Doc. 6 at 1; Doc. 6-1 (Decltn. G.Moore)).

**II.   Discussion**

Rule 55(b)(2) of the Federal Rules of Civil Procedure provides, in relevant part, as follows with regard to entering a default judgment:

> (b) Entering a Default Judgment.
>
> \* \* \*
>
> ***(2) By the Court.*** In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like

---

[2] Bracy executed a Wavier of Service of Summons on April 17, 2011. Plaintiff actually incorrectly references April 19, 2011 (Doc. 4-1 at 1 at ¶3), the date that proof of service was filed in this Court.

>fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to:
>
>>(A) conduct an accounting;
>>(B) determine the amount of damages;
>>(C) establish the truth of any allegation by evidence; or
>>(D) investigate any other matter.

FED.R.CIV.P. 55(b)(2).

The Eleventh Circuit has held that although "a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover, a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact. The defendant, however, is not held to admit facts that are not well-pleaded or to admit conclusions of law." Tyco Fire & Sec., LLC v. Alcocer, 218 Fed. Appx. 860, 863 (11th Cir. 2007) (per curiam) (citations and internal quotations omitted). And "before entering a default judgment for damages, the district court must ensure that the well-pleaded allegations of the complaint . . . actually state a cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." Id. (emphasis omitted). When assessing damages in connection with a default judgment, the Court has "an obligation to assure that there is a legitimate basis for any damage award it enters." Anheuser Busch, Inc. v. Philpot, 317 F.3d 1264, 1266 (11th Cir. 2007).

The Court is satisfied that the well-pleaded allegations of the complaint state a cause of action against Bracy and that there is a substantive, sufficient basis in the pleadings for the relief the Government seeks. Notably, a review of the record reveals that a default was entered against Bracy on July 15, 2011 (Doc. 5) in accordance with Rule 55 for failure to plead, answer

or otherwise defend this case. Additionally, the record confirms that Bracy has been provided with notice of the default proceedings against him. Moreover, counsel for the Government has filed a Declaration in support of same. Further, the record confirms that Bracy owes the debt asserted by the Government. (Doc. 1-1 (Certificate of Indebtedness); Doc. 1-2 (Federal Direct Consolidation Loan Promissory Note and related documents)).

As such, upon consideration, the Government's Motion for Default Judgment (Doc. 6) is **GRANTED** such that judgment is rendered in favor of Plaintiff, United States of America, and against Defendant Mecheall H. Bracy, in the amount of **$77,935.99** (principal of $60,947.37 plus prejudgment interest at 2.47% per annum (daily rate of $4.12) in the amount of $16,988.62 as of February 8, 2011), plus prejudgment interest (from February 8, 2011 through the date of judgment), post judgment interest at the applicable legal rate (pursuant to the provisions of Title 28, United States Code, Section 1961) until paid in full and court costs.

A **Final Default Judgment** consistent with the terms of this Order shall issue contemporaneously herewith.

**DONE** and **ORDERED** this the **28**th day of **September 2011.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**